BARNETT *v.* SUTTON.

No. 39392          December 13, 1954          76 So. 2d 263

440

*J. M. Travis,* Hattiesburg, for appellant.

*Robert E. Covington,* Quitman, for appellee.

McGEHEE, C. J.

This is a suit to recover a reasonable attorney's fee for services rendered as a tax attorney by the appellee, De Quincy Sutton, in connection with the settlement of a tax claim made by the Internal Revenue Department of the U. S. Government against the appellant, J. W. Barnett, Sr. The judgment in favor of the appellee based upon the verdict of a jury is for the sum of $5,000. The amount of unpaid income taxes originally claimed by the Internal Revenue Department was the sum of approximately $329,000, including taxes, penalties and interest. The appellant was represented in the outset by Robert G. Newton, a practicing certified public account-

ant and tax attorney. Upon his death the matter in dispute was taken over by the appellee, with the consent of the appellant, and was handled by the appellee until he had secured a reduction of the claim from its original amount down to the sum of $59,000.

The appellant had paid Mr. Newton a fee of $1,000 and had agreed to pay him $50 per day when out of his office at Hattiesburg in rendering services in connection with the adjustment of the claim. The appellee handled the claim up to the time it was reduced to the sum of $59,000 without further charge to the appellant except on the basis of the original contract with Mr. Newton, plus $250 paid to the appellee for expenses.

There was a direct conflict between the testimony of the appellee and the appellant as to whether or not the appellee was to receive further compensation for services to be rendered in connection with getting a further reduction on the $59,000 assessment, the appellee contending that he made it clear to the appellant that if he were able to get the $59,000 assessment reduced to where the appellant could pay the claim the charges of the appellee for such further services would be in a substantial sum. Whereas, the appellant contended that the sums paid to appellee prior to the reduction of the claim from approximately $329,000 to $59,000 was in full settlement. The jury resolved this conflict in the testimony of the parties in favor of the contention of the appellee, and found that a reasonable fee for the additional services would be the sum of $5,000.

██ █ The appellee testified at the trial of the instant case and reviewed in detail the services rendered by him over a period of several months in getting the claim further reduced, saying that the result of his additional services in that behalf was that he was finally able to obtain a settlement of the claim by the appellant being required to pay only the sum of $3,000. We deem it unnecessary to detail in this opinion the extent of the additional services rendered. Suffice it to say, they were

extensive, efficient and skillful on behalf of the taxpayer.

The appellant contends that the trial court erred in not granting a peremptory instruction to the jury in his favor in view of the fact that the proof on behalf of the appellee as to a reasonable fee had consisted alone of the appellee's testimony. But this contention overlooks the fact that an attorney when suing to recover a reasonable attorney's fee for his services is a competent witness both as to the amount of services rendered and as to what would constitute a reasonable fee for the same. The testimony of the appellee in that behalf was sufficient to clearly establish a prima facie case as to the reasonableness of the fee allowed. No proof to the contrary was offered by the appellant except his own testimony, which did not deny that the services were rendered or dispute the extent thereof. His testimony was merely to the effect that they had already been compensated for.

The appellant also complains of an instruction which the court granted in favor of the plaintiff to the effect that it was admitted (by the pleadings and proof) that the defendant had employed the plaintiff to perform the services rendered in connection with the compromise and discharge of the lien of the U. S. Government for income taxes and that the plaintiff had fully performed such services, and that therefore the only issues to be decided by the jury were: (1) What compensation the defendant owed the plaintiff for the services rendered; and (2) whether or not such compensation has been paid. However, we are of the opinion that this instruction correctly defined the issues to be decided by the jury.

The other alleged errors assigned and argued are those dealing with the granting and refusal of instructions and with the sufficiency of the evidence to sustain the judgment rendered. We find no error in the plaintiff's instructions, and the only instruction refused to

the defendant was one seeking to have the jury instructed peremptorily to find for the defendant. We are of the opinion that there was no error in the granting or refusal of any instruction, and that the evidence offered by the plaintiff, although contradicted by the testimony of the defendant, was sufficient to support the verdict as to whether or not the services had been fully compensated for. It is undisputed in the record that the plaintiff was employed to render the services, and that his duties were fully and efficiently performed.

The judgment appealed from must therefore be affirmed.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.*, concur.